UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COLLECTION TECHNOLOGY, INC.,          :

        Plaintiff,

v.                                    :     Civ. No. 3:07cv1388 (AHN)

THE TRAVELERS INDEMNITY COMPANY,
as successor in interest to GULF
INSURANCE GROUP,                      :

        Defendant.

## RULING ON MOTION TO DISMISS

This is an insurance coverage case based on diversity jurisdiction. The plaintiff, Collection Technology, Inc. ("CTI"), alleges in its complaint that its insurer, Travelers Indemnity Company ("Travelers") owes it a duty to defend and a duty to indemnify it in an underlying lawsuit. Travelers now moves to dismiss CTI's complaint [doc. # 32] for failure to state a claim upon which relief can be granted.

## FACTS

CTI is a California corporation that performs debt collection services for its clients. CTI purchased an errors & omissions ("E & O") insurance policy from Gulf Insurance Group ("Gulf") in 2002 ("2002-03 Policy") and renewed the policy in 2003 ("2003-04 Policy"). On April 29, 2004, CTI was sued by one of its clients, Connecticut Student Loan Foundation ("CSLF"), for

breach of contract.[1] CTI forwarded the complaint to Gulf, but Gulf refused to defend or indemnify CTI in the lawsuit.

Travelers Indemnity Co. ("Travelers") acquired Gulf in 2005 and became its successor in interest. CTI again requested defense and indemnification in the underlying lawsuit. Travelers refused, and CTI filed suit in district court on September 17, 2007, seeking a permanent injunction to force Travelers to defend and indemnify it. CTI also seeks a declaratory judgment that Travelers is obligated to provide a defense and indemnification and that Travelers must reimburse CTI for legal fees and costs incurred as a result of both the current and underlying lawsuits. Travelers filed a motion to dismiss [doc. # 32] for failure to state a claim upon which relief can be granted.

## STANDARD

In a motion to dismiss pursuant to Rule 12(b)(6), the court "takes well-pleaded facts as true and draws all reasonable inferences in favor of plaintiff," and "merely assess[es] the legal feasability of the complaint." See A Slice of Pie Prods., LLC v. Wayans Bros. Entm't, 392 F. Supp. 2d 297, 306 (D. Conn. 2005)(citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.,

---

[1] The underlying lawsuit originates from a contract entered into between CTI and CSLF on November 15, 1999. The agreement stated that CTI would provide collection and default aversion services for CSLF, a student loan guarantor.

2

748 F.2d 774, 779 (2d Cir. 1984). However, the long-standing principle recently restated in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), that a court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief," is no longer the appropriate standard. See Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1960, 1964-65 (2007) (holding that a plaintiff must provide the grounds on which he is entitled to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do"). The Second Circuit interpreted the holding in Bell Atlantic and adopted a "flexible plausibility standard," which "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

## DISCUSSION

Travelers alleges in its motion to dismiss that it has no duty to defend or indemnify CTI in the underlying lawsuit. In ruling on the motion to dismiss, Travelers urges the court to examine the attachments to CTI's complaint as well as the attachments to the parties' memoranda. Here, CTI attached the following exhibits to its complaint: (A) the 2002-03 Policy; (B) Gulf's June 24, 2004 denial letter; (C) the 2003-04 Policy; (D)

3

CSLF's underlying complaint against CTI; and (E) Notice of Claim form submitted by CTI on May 11, 2004, the day after it was served with CSLF's complaint. Additionally, however, both parties have attached to their memoranda on the motion to dismiss copies of a letter from CSLF to CTI.

Specifically, on June 30, 2003, CSLF sent a letter ("CSLF letter") and report[2] to CTI's attorney, Sharon Siefert. In the letter, CSLF states that it had made efforts to "mitigate the damages caused by CTI's failure to perform the contract," and further states that "CSLF requests that CTI pay to it the following sums," and lists unpaid interest, costs for curing loans that were not properly serviced and principal and interest on the loans which could not have the guarantee reinstated. The letter concludes:

> In the event your client does not immediately remit these sums, I have been instructed to commence legal proceedings. I would appreciate a response within ten (10) days of this letter.

At the time that CTI received the letter, the 2002-03 Policy was in effect. Both the 2002-03 and 2003-04 Policies are "claims-made" policies, meaning that if a claim is made against CTI within the policy period, CTI must report the claim to Gulf within 15 days of the termination date of the policy or else the claim will not be covered.

---

[2] The report was not attached as an exhibit and the letter's signatory is not identified.

Travelers relies heavily on the CSLF letter to justify its denial of CTI's requests for coverage and defense in the underlying case. On the other hand, CTI argues that it did not refer to the CSLF letter in its complaint and therefore the court cannot consider the letter in its ruling.

On a motion to dismiss, a complaint "is deemed to include any written instrument attached to it as an exhibit." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004); see Fed. R. Civ. P. 10(c). The court is also allowed to consider documents incorporated by reference, see Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), and those documents that are "integral" to the complaint, even if they are not attached to the complaint or incorporated by reference. Sira, 380 F.2d at 67; see Scholastic Corp. v. Najah Kassem & Casper & De Toledo LLC, 389 F. Supp. 2d 402, 404 (D. Conn. 2005).

The court must walk a fine line when it chooses to consider documents that are not attached to the complaint, however:

> [W]e reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.

Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). In addition, the Second Circuit has held that vacatur is required where a district court's ruling "mak[es] a connection not established by the complaint alone or contains an unexplained

reference that raises the possibility that it improperly relied on matters outside the pleadings in granting the defendant's Rule 12(b) motion." Friedl v. New York, 210 F.3d 79, 83-84 (2d Cir. 2000)(internal citations omitted). In situations where the parties attach additional documents to their memoranda in support or in opposition to the motion to dismiss, and those additional documents were not relied upon by the plaintiff in drafting his complaint, the court must either exclude those additional documents from its ruling on the motion to dismiss or "convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." Id. at 83; (citing Fonte v. Bd. of Managers, 848 F.2d 24, 25 (2d Cir. 1988)).

Though Travelers urges the court to consider the letter in ruling on its motion to dismiss, the court must look to CTI's complaint to make that determination. See Chambers, 282 F.3d at 153. CTI did not attach the CSLF letter to its complaint, nor did CTI refer to the CSLF letter in support of its claims. In its complaint, CTI only refers to Gulf's denial letter, which states that the CSLF letter is part of the reason Gulf denied coverage.

The court cannot find, therefore, that the CSLF letter is "integral" to the complaint. While the letter may be integral to Travelers' defense of this lawsuit, CTI does not rely upon the

6

letter in any way in its complaint.  Nevertheless, the letter may be important to the disposition of the case.  Accordingly, the court will deny Travelers' motion to dismiss, allow the parties to engage in additional discovery and allow them to file motions for summary judgment.

CONCLUSION

For the foregoing reasons, Travelers' motion to dismiss [doc. # 32] is DENIED.  The court shall re-set the discovery deadline for May 18, 2008, and shall re-set the dispositive motions deadline for June 17, 2008.

SO ORDERED this _15th_ day of April 2008 at Bridgeport, Connecticut.

```
            _____/s/_____
            Alan H. Nevas
            United States District Judge
```